**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MELINDA HARDIMAN                                          PLAINTIFF

V.                                    4:12CV00408 JMM

UNIVERSITY OF ARKANSAS
COMMUNITY COLLEGE AT MORRILTON                          DEFENDANT

<u>ORDER DENYING MOTION TO DISMISS</u>

Pending is the Defendant's Motion to Dismiss.  Plaintiff has responded to the motion.  For the reasons set forth below, the Motion is denied.

Plaintiff, a former admissions department employee of the Defendant, alleges that she was harassed and terminated on the basis of her race by the Defendant in violation of Title VII. Specifically, Plaintiff claims her supervisor, Susan, showed preferential treatment to Plaintiff's co-workers.   Plaintiff seeks compensation for the alleged discrimination.

I.        <u>Standard Used for Rule 12(b)(6) Motion</u>

The United States Supreme Court has clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (internal citations omitted).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ⸺ U.S. ⸺, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility."  *Id.*  It is not, however, a "probability requirement."  *Id.*

    II.   <u>Analysis</u>

    After Plaintiff filed her Complaint, she was directed by the Court to file an amended complaint which complied with the Federal Rules of Civil Procedure.  In response, Plaintiff filed the Court's Order with the words Amended Complaint written on the top with 250 pages of emails, evaluations, and typed notes attached.  This document does not comply with Rule 8 of the Federal Rules of Civil Procedure as it does not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  The amended complaint is confusing, ambiguous, redundant, and vague.

    "While the principle of liberal construction must be limited by reasonableness, we believe that reasonableness does not compel dismissal of this case.  The formal requirements of the Federal Rules of Civil Procedure exist to give the defendant fair notice of the charges so that a meaningful response to the pleading may be filed."  *Miles v. Ertl Co.,* 722 F.2d 434, 434 -435 (8th Cir. 1983).  Although the Plaintiff's amended complaint does not comply with Rule 8, the Court finds that the Defendant has fair notice of the charges against them.  Defendants have filed a meaningful response. Therefore, the Court will not dismiss the amended complaint for failure

to abide by Rule 8.

Plaintiff has named the University of Arkansas Community College at Morrilton as the sole defendant in this case.  Defendant asserts that it is entitled to Eleventh Amendment immunity because it is a part of the University of Arkansas, an institution of higher education established under Arkansas law. (Ark.Code Ann. §§ 6–64–401 et seq.).  Defendant argues that, therefore, all allegations directed at the University of Arkansas Community College at Morrilton should be dismissed for failure to state a claim upon which relief can be granted.  *See Assaad-Faltas v. UAMS,* 708 F.Supp. 1026, 1029 (E.D. Ark. 1989).

The Defendant is likely correct.  However, the court in *Hadley v. North Arkansas Comm. Tech. College,* instructs us that "Arkansas community colleges also have elements of local funding and control that require further analysis."  *Hadley,* 76 F.3d 1437, 1440 (8th Cir. 1996).  This issue cannot be decided on a 12(b)(6) motion to dismiss.

The final question is whether the Plaintiff has stated a claim for discrimination under Title VII.  To establish a prima facie case of racial discrimination based upon a disparate treatment theory, Plaintiff must show that she: (1) is in a protected group, (2) was qualified for the position, (3) suffered an adverse employment action, and (4) was treated less favorably than a similarly situated employee outside the protected group.  *Tatum v. City of Berkeley,* 408 F.3d 543, 553 (8th Cir. 2005).  Plaintiff is African-American. She was employed by the Defendant for at least two years.  She was terminated.  According to Plaintiff, she was treated less favorably than co-workers in her office.  At this point in the litigation, that is all that Plaintiff is required to show.  Further, the Court is required to view Plaintiff's statements as true.  Therefore, the Court will not dismiss Plaintiff's amended complaint.  Defendant's Motion to Dismiss is denied.

The Court notes that Plaintiff will not be entitled to the same type of review of her pleadings on a Rule 56 motion for summary judgment analysis:

> To create an inference of racial discrimination based on disparate treatment of fellow employees, the plaintiffs must show that they were treated differently than similarly situated persons who are not members of the protected class.  The test to determine whether individuals are similarly situated is rigorous and requires that the other employees be similarly situated in all relevant respects before the plaintiff can introduce evidence comparing herself to the other employees.  In a case involving allegations of discriminatory disciplinary practices, for example, this court explained that to be similarly situated, the comparable employees must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.

*Bennett v. Nucor Corp.,* 656 F.3d 802, 819 (8th Cir. 2011) (internal quotations omitted).

Plaintiff must show that her employer's actions were taken based upon racial animus and must provide more than conclusory allegations to prove her claims.

For the reasons set forth above, Defendant's Motion to Dismiss (Docket # 11) is DENIED.  The Defendant's Motion to Strike (Docket # 18) is also DENIED.

IT IS SO ORDERED this 17th day of September, 2012.

James M. Moody
United States District Judge